1
2
3            UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
5
6
7    JAMES LYNN O'HINES,
8              Plaintiff,                    No. C 09-1852 PJH (PR)
9       vs.                                  **ORDER OF DISMISSAL WITH**
                                             **LEAVE TO AMEND**
10   ILLINOIS; MISSOURI; MISSISSIPPI;
     6th to 9th JUDICIAL FEDERAL
11   DISTRICT[S]; PEACE OFFICER
     ASSOCIATION UNION; Correctional
12   Officers et al. Florence, Arizona;
     Warden JEFF FREELAND; and
13   Numerous DOES,
14              Defendants.
     _____/
15
16          Plaintiff, a prisoner housed at the Arizona Department of Corrections in Florence,

17   Arizona, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been

18   granted leave to proceed in forma pauperis.

19                              **DISCUSSION**

20   **A.     Standard of Review**

21          Federal courts must engage in a preliminary screening of cases in which prisoners

22   seek redress from a governmental entity or officer or employee of a governmental entity.

23   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

24   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

25   be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at

26   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

27   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28   ///

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

The elements of a section 1983 claim are (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

The complaint is largely incomprehensible.  It does, however, have references to Sacramento, San Diego, and Los Angeles, which suggests that the intended claims might at least have some relation to California.

The first step in clarifying plaintiff's complaint is for him to file it on the court's form for section 1983 prisoner complaints.  Next, in filling out that form plaintiff must provide short and simple allegations of facts which, if taken as true, would state a plausible claim that his constitutional rights were violated by one or more defendants.  *See* Fed. R.Civ.P. 8(a); *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 15 (U.S. May 18, 2009).  He also must make clear who the intended defendants are, noting that a state cannot be sued in federal court unless it has waived its immunity or congress has overridden it, *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)), and that there are no such entities as "6th to 9th Judicial Federal District[s]."  Finally, he should note that

2

1   unless defendants are named who reside in this district or claims are asserted that arose

2   here, venue will not be correct here.

3                                    **CONCLUSION**

4       1.  For the foregoing reasons, the case is **DISMISSED** with leave to amend, as

5   indicated above, within thirty days from the date of this order.  The amended complaint

6   must be on the court's form for prisoner 1983 complaints and must include the caption and

7   civil case number used in this order and the words AMENDED COMPLAINT on the first

8   page.  It.  Because an amended complaint completely replaces the original complaint,

9   plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963

10  F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original

11  complaint by reference.  Failure to amend within the designated time will result in the

12  dismissal of these claims.

13      2.  The clerk shall send plaintiff a copy of the court's prisoner section 1983 complaint

14  form with his copy of this order.

15      3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

16  court informed of any change of address by filing a separate paper with the clerk headed

17  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

18  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

19  Federal Rule of Civil Procedure 41(b).

20      **IT IS SO ORDERED.**

21  Dated:  June __12__, 2009.        _____

22                                        PHYLLIS J. HAMILTON
                                          United States District Judge

23

24

25

26

27

28  G:\PRO-SE\PJH\CR.09\O'HINES1852.DWLTA.wpd

3

*United States District Court*
For the Northern District of California